UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STEELITE INTERNATIONAL U.S.A., INC.
and DWH&S, INC. f/k/a D.W. HABER & SON, INC.,

                      Plaintiffs,

    -against-

ROBERT KENNETH MCMANUS,

                      Defendant.

------------------------------------------------------------X

1:21-CV-02645 (LAK)

**SO-ORDERED STIPULATION OF CONFIDENTIALITY**

       IT IS HEREBY STIPULATED & AGREED, by and between the undersigned counsel of record for the parties hereto as follows: The parties acknowledge that the parties have been permitted by the Court to engage in limited discovery to assist them in the preparation for a preliminary injunction hearing scheduled to commence on April 13, 2021, and it is anticipated that such discovery may require disclosure of trade secrets or other confidential research, financial, proprietary, or commercial information. The parties and their counsel, in consideration of their respective privacy interests in such disclosure, have agreed as follows:

       1.     Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL" any documents, testimony, or other discovery material that contains confidential information. The parties shall not designate material as 'CONFIDENTIAL" unless they have a good faith belief that it comprises or contains sensitive design, technical, scientific, marketing, financial, proprietary, sales, or other confidential information.

       2.     Discovery material exchanged between the parties in this action, whether designated under provisions of this Stipulation or not, shall not be used for any business,

commercial, competitive, personal, or other purpose other than the prosecution or defense of the claims in this action.

3. "CONFIDENTIAL" material, as used in this Stipulation, shall refer to any so-designated document, testimony, or other discovery material, and all copies thereof, whether produced by a party or non-party, and shall also refer to the information contained in such material.

4. "CONFIDENTIAL DESIGN DOCS", as used in this Stipulation, shall refer to materials that are "CONFIDENTIAL", but which also contain actual designs, drawings, renderings, pictures, or anything that actually shows defendant's products now being produced for Resorts World – Las Vegas, and the related pricing of such products to Resorts World – Las Vegas.

5. All persons receiving "CONFIDENTIAL" material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below.

6. Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    a. the Court and its officers;

    b. retained counsel;

    c. employees of retained counsel and duplicating or auxiliary services of like nature routinely retained by counsel, including court reporters attending depositions;

    d. translators, provided that they have read this Stipulation and have signed the agreement in the form of Exhibit A attached hereto;

    e. present officers or employees or general counsel of a party to this litigation or non-party witnesses or deponents to the extent necessary for the prosecution or defense of claims made in this action, provided that

          such officers or employees or general counsel of a party to this litigation have read this Stipulation and have signed the agreement in the form of Exhibit A attached hereto; and,

    f.    professional consultants or experts, provided they have read this Stipulation and have signed the agreement in the form of Exhibit A attached hereto.

    7.    Material marked or otherwise designated "CONFIDENTIAL" shall not be disclosed to persons in categories 6(d), 6(e) and 6(f) until such persons have executed the agreement in the form of Exhibit A attached hereto.

    8.    Materials marked "CONFIDENTIAL DESIGN DOCS" may only be disclosed by plaintiffs to John Miles and to any officer or employee of plaintiffs whom John Miles identifies, by name, with whom he needs to discuss/analyze such documents, but such documents may not be disclosed to Jack Langley, individually, or any other officer, principal, or employee of LA Marketing Group, Inc.

    9.    The parties hereto agree that if any person not authorized to receive confidential information under the terms of this Stipulation is present at any deposition in this action or at a hearing, trial, or other Court proceeding, that person shall be asked to leave that proceeding for the period of time during which such information is the subject of questioning.

    10.    The attorneys of record for a party who wishes to disclose information as "CONFIDENTIAL" to persons other than those identified in Paragraph 6 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure may be made. If counsel cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, taking into account the time constraints under which the disclosing party's attorneys are working, for an Order permitting disclosure. No disclosure of the information to persons other than those identified in Paragraph 6 shall be made pending a ruling

by the Court. To the extent a party plans to make a submission to the Court containing documents marked "CONFIDENTIAL" or "CONFIDENTIAL DESIGN DOCS", the parties agree they shall contact the Court to request direction on how to do so and will follow such direction.

11. A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL DESIGN DOCS" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the producing party and shall attempt in good faith to resolve any challenge on an expedited and informal basis. The party which designated such information as "CONFIDENTIAL" or "CONFIDENTIAL DESIGN DOCS" shall have the burden of proof as to the validity of each such designation. The information at issue shall continue to be treated as designated until such time as counsel reach an agreement or the Court makes a determination.

12. Discovery material produced without the designation of "CONFIDENTIAL" or "CONFIDENTIAL DESIGN DOCS" may be designated as such subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party shall use its best efforts to promptly collect any copies that have been provided to individuals other than those identified in Paragraph 6 of this Stipulation.

13. A party may designate deposition transcripts, or portions thereof, "CONFIDENTIAL" or "CONFIDENTIAL DESIGN DOCS" during the deposition or within fifteen (15) days from receipt of the transcript of the deposition

14. No materials identified as "CONFIDENTIAL" or "CONFIDENTIAL

DESIGNS DOCS" shall be filed in the public record of this action. Rather, such material should be filed under seal in accordance with the Court's procedures.

15. All counsel agree to apprise the Court of any CONFIDENTIAL or CONFIDENTIAL DESIGN DOCS to be used at a hearing or trial and to work out a method to allow for the use of such documents, with all counsel retaining all evidentiary objections, while at the same time maintaining the confidentiality of such documents as protected by thisstipulaton.

16. Within five (5) business days of the conclusion of the preliminary injunction hearing, all material produced pursuant to discovery, and all copies thereof, shall be returned to the producing party, or, at the option of the party in possession, opposing counsel shall certify in writing that such materials have been destroyed or deleted, except that Counsel of record may retain one set of all papers filed with the Court, including information designated "CONFIDENTIAL" or "CONFIDENTIAL DESIGN DOCS".

17. Within five (5) business days of the conclusion of the preliminary injunction hearing, each person who was provided with CONFIDENTIAL material or CONFIDENTIAL DESIGN DOCS under the provisions of Paragraphs 6(d), 6(e) and 6(f) hereof, shall sign an affidavit in the form attached as Exhibit B attesting that the person abided by the terms of this agreement and that such person has returned, destroyed or deleted all CONFIDENTIAL documents and CONFIDENTIAL DESIGN DOCS. Counsel for such party will provide the affidavit to counsel for the other party within thirty days of the termination of the action.

18. This So-Ordered Stipulation of Confidentiality shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by a Court Order, or by written agreement of the parties. At any time during the pendency of this

action, either party may petition the Court for modification of this So-Ordered Stipulation of Confidentiality.

19. This Federal District Court for the Southern District of New York, shall retain jurisdiction over this action after final adjudication or settlement, for the purpose of allowing any party to seek enforcement, construction, or modification of this Stipulation; or for punishment of any violation hereof; or for such other and further relief as may be just and proper under the terms of this Stipulation

---

Steven T. Halperin, Esq.
HALPERIN & HALPERIN, P.C.
Attorney for Defendant
ROBERT KEVIN MCMANUS
a/k/a KENNY MACK
Office & P.O. Address
18 E. 48th Street, Suite 1001
New York, NY 10017
(212) 935-2600
shalperin@halperinlawyers.com

---

Mark A. Beckman, Esq.
GORDON & REES, LLP
Attorney for Plaintiffs
STEELITEINTERNATIONAL, USA, INC.
& DWH&S, INC. f/k/a HABER & SON, INC.
Office & P.O. Address
One Battery Park Plaza, 28th Fl.,
New York, NY 10004
(212) 269-5500
Mbeckman@GordonRees.com

SO ORDERED:

_____

4/12/2021

## EXHIBIT A

STATE OF _____ )
                        ) SS:
COUNTY OF _____ )

The undersigned, first being duly sworn, deposes and says:

1. I have been asked by counsel for one of the parties in the action entitled STEELITE INTERNATIONAL U.S.A., INC. and DWH&S, INC. f/k/a D.W. HABER & SON, INC. V. ROBERT KENNETH MCMANUS, pending in the Federal District Court for the Southern District of New York, Case No. 1:21-CV-02645 (LAK), to receive, see, or review certain materials or information that have been designated as CONFIDENTIAL within the terms of the Stipulation of Confidentiality in the above-entitled action.

2. As a prior condition to my being permitted to receive, see, or review any materials marked CONFIDENTIAL, I have read the aforementioned Stipulation, and I agree to be bound by its terms.

_____
Printed Name

Sworn to before me this \_\_
day of _____, 2021

_____
Notary Public

7

**EXHIBIT B**

STATE OF _____ )
                               )    SS:
COUNTY OF_____ )

The undersigned, first being duly sworn, deposes and says:

1. I have received and read a copy of the Stipulation of Confidentiality entered in the action entitled STEELITE INTERNATIONAL U.S.A., INC. and DWH&S, INC. f/k/a D.W. HABER & SON, INC. V. ROBERT KENNETH MCMANUS, pending in the Federal District Court for the Southern District of New York, Case No. 1:21-CV-02645 (LAK).

2. I have abided by the terms of said Stipulation and agree to abide by its terms in the future.

3. I have returned all materials marked Confidential, including any copies in my possession, to counsel who provided me such materials or, alternatively, destroyed and/or deleted them.

 

_____
Printed Name

Sworn to before me this \_\_
day of _____, 2021

_____
Notary Public